IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Gena Garrison, ) | |
| ) | Civil Action No. 6:16-307-MGL-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Integrity Funding of Ohio, and ) | |
| Jason Adams, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion to dismiss defendant Adams from this action (doc. 28). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

The plaintiff, who is proceeding *pro se*, alleges in her complaint that defendant Integrity Funding of Ohio ("Integrity"),[1] which is her former employer, and defendant Jason Adams, her former manager, "refused to allow [her] reasonable accommodations as required by law in order to receive treatment for breast cancer and return to work" (doc. 1 at 4). The plaintiff alleges that she timely filed a charge, and she received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") on November 3, 2015 (*id.*).

On May 9, 2016, the defendants filed the instant motion to dismiss defendant Adams (doc. 28). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if

---

[1] The defendants state that this defendant has been improperly identified, and the proper identification is Integrity Funding Ohio, LLC (doc. 28 at 1).

she failed to respond adequately (doc. 30). The plaintiff filed her response in opposition to the motion on June 13, 2016 (doc. 32).

## APPLICABLE LAW AND ANALYSIS

"'The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint.'" *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 569). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). The court

must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

While the plaintiff does not expressly identify the Americans with Disabilities Act ("ADA") by name in her complaint, it is clear that the plaintiff is attempting to assert a cause of action under the ADA against both defendants. The defendants argue in their motion that defendant Adams should be dismissed from this action because it is well-settled in the Fourth Circuit that the ADA does not establish individual liability for co-workers or supervisors. The undersigned agrees. In *Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999), the Fourth Circuit noted that "[w]e have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" *Id*. at 472 (citing *Lissau v. Southern Food Serv., Inc*., 159 F.3d 177, 180-81 (4th Cir. 1998) ("holding that supervisors cannot be held liable in their individual capacity under Title VII because they do not fit within the definition of an employer")). The court in *Baird* then pointed out that "Title VII and the ADA define an 'employer' in pertinent part as 'a person engaged in an industry affecting commerce who has fifteen or more employees.'" *Id.* (citing 42 U.S.C. § 2000e(b) & 42 U.S.C.A. §1 2111(5)(A)). Because Title VII and the ADA define the term "employer" almost identically, and because Title VII does not authorize a remedy against individuals for violation of Title VII, the court held that the ADA did not permit an action for retaliation against individual defendants. *Id.*

Since *Baird*, numerous courts in this district and circuit have held that the ADA does not allow a plaintiff to pursue claims against individual defendants, such as supervisors. *See, e.g. Jones v. Sternheimer*, 387 F. App'x. 366, 368 (4th Cir. 2010) (holding the ADA does "not provide for causes of action against defendants in their individual capacities"); *Thomas v. Synter Resource Group, LLC*, C.A. No. 2:14-cv-4716-DCN-MGB, 2015 WL 9645845, at *2 (D.S.C. Dec. 7, 2015) (recommending dismissal of ADA and Title VII claims against individual defendants), *R&R adopted by* 2016 WL 54913, (Jan. 5, 2016).

In her response, the plaintiff "concedes that the ADA does not establish individual liability for co-workers or supervisors" but argues that the motion should be dismissed because "it fails to include both defendants, and does not take into account the facts presented in the complaint in its entirety" (doc. 32 at 1-2). The court has reviewed the plaintiff's complaint in its entirety, and, liberally construing her complaint, she has alleged only one claim against defendant Adams, that he discriminated against her in violation of the ADA. As defendant Adams cannot be held liable under the ADA as discussed above, he should be dismissed from this action. Should the district court adopt this recommendation, the case will proceed against only defendant Integrity.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the motion to dismiss defendant Adams from this action (doc. 28) should be granted. The Clerk of Court is directed to correct the caption of the case to reflect the proper identification of defendant Integrity as Integrity Funding Ohio, LLC.

**IT IS SO RECOMMENDED**

June 28, 2016  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).